# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:19-cr-319-DGK-1 |
| MARCK E. FRISTOE, | ) ) ) | |
| Defendant. | ) | |

## ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Now before the Court is Defendant's motion to reduce his sentence pursuant to Amendment 821 of the Sentencing Guidelines and 18 U.S.C. § 3582(c)(2). ECF No. 38. The Government opposes the motion. ECF No. 40.

Defendant believes he is eligible for a reduced sentence pursuant to Part A of Amendment 821. Part A reduces "status points"—criminal history points added when the offense is committed while under another criminal justice sentence—by one point for individuals with seven or more criminal history points and eliminates status points for individuals with six or less criminal history points. *See* U.S.S.G. § 4A1.1(e). Thus, under Part A of Amendment 821, Defendant is eligible for a reduced sentence only if the amendment reduces his criminal history category such that the applicable guidelines range is lower. *See* U.S.S.G. § 1B1.10(a)(2)(B).

On June 22, 2021, the Court sentenced Defendant to 180 months' imprisonment. *See* J&C, ECF No. 34. Defendant pled guilty to being a felon in possession of a firearm ("FIP"), possession with intent to distribute cocaine base, and possession of a firearm in furtherance of a drug trafficking offense. Defendant's guideline range at sentencing for the FIP and cocaine charges (70 to 87 months) was calculated from a total offense level of 23 and a criminal history category of

IV; the guideline range for the firearm-in-furtherance charge was 60 months consecutive. *See* PSR, ECF No. 28 at ¶¶ 44, 52, 84. Defendant's criminal history score of 7 included two status points because Defendant committed the instant offenses while under a criminal justice sentence. Under Part A of Amendment 821, Defendant's status points are eliminated, resulting in a criminal history score of 5, a criminal history category of III, and an amended guideline range of 57 to 71 months for the FIP and cocaine charges, plus 60 months consecutive for the firearm-in-furtherance charge. This leads to a total range of 127 to 131 months.

Because Part A of Amendment 821 lowers Defendant's applicable guidelines range, he "requests the Court reduce his sentence to a total term of 158 months—an above-range sentence proportionate to the one he received at his original sentencing." ECF No. 38 at 3.

While the Court recognizes Defendant is eligible for reduced sentence because his amended guideline range is lower, the Court finds the 18 U.S.C. § 3553(a) factors favor keeping the original sentence. *See* 18 U.S.C. § 3582(c)(2). Now, as at sentencing, the Court is concerned about Defendant's history and characteristics and the need to protect the public. Defendant pled guilty to serious drug and gun charges. The firearm at issue had an extended magazine containing 30 live rounds, and Defendant possessed an additional 85 live rounds at the time of arrest. ECF No. 28 at ¶ 20. Further, Defendant's criminal history contains several violent crimes, including convictions for felony aggravated battery, criminal discharge of a firearm (into an occupied vehicle), and misdemeanor domestic battery. *Id.* at ¶¶ 48, 49.

After considering all the factors pursuant to 18 U.S.C. § 3553(a), the Court concludes that the factors of respect for the law and the need to protect the public strongly favor and support denial of this motion.

Therefore, the motion is DENIED.

**IT IS SO ORDERED.**

Dated: September 16, 2025      /s/ Greg Kays
                               GREG KAYS, JUDGE
                               UNITED STATES DISTRICT JUDGE